**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION**

| | |
|---|---|
| Laurie Hope Young, ) | Civil Action No.: 2:16-cv-03437-JMC |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **ORDER** |
| Nancy A. Berryhill, Acting Commissioner ) | |
| Social Security Administration,[1] ) | |
| ) | |
| Defendants. ) | |
| ) | |

This matter is before the court upon review of the Magistrate Judge's Report and Recommendation ("Report") (ECF No. 11), filed on January 16, 2018, recommending that the Commissioner's decision be affirmed.

The Magistrate Judge's Report is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(a) for the District of South Carolina. The Magistrate Judge makes only a recommendation to this court, which has no presumptive weight. The responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objections are made. Fed. R. Civ. P. 72(b)(2)-(3).

Both parties are represented by counsel, thus counsel has knowledge that objections to the Report must be filed within fourteen (14) days of the Report's filing. Neither party has filed any objections to the Report.

In the absence of objections to the Magistrate Judge's Report, this court is not required to

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), Nancy A. Berryhill is substituted for Carolyn Colvin as the named defendant because she became the Acting Commissioner of Social Security on January 23, 2017.

provide an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Rather, "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (*quoting* Fed. R. Civ. P. 72 advisory committee's note). Furthermore, failure to file specific written objections to the Report results in a party's waiver of the right to appeal from the judgment of the District Court based upon such recommendation. 28 U.S.C. § 636(b)(1); *see Wells v. Shriners Hosp.*, 109 F.3d 198, 200 (4th Cir. 1997) ("[t]he Supreme Court has authorized the waiver rule that we enforce. . . . '[A] court of appeals may adopt a rule conditioning appeal, when taken from a district court judgment that adopts a magistrate's recommendation, upon the filing of objections with the district court identifying those issues on which further review is desired.'") (citing *Thomas v. Arn*, 474 U.S. 140, 155 (1985)).

After a thorough review of the Report and the record in this case, the court finds the Report provides an accurate summary of the facts and law. The Administrative Law Judge's ("ALJ") determination regarding the weight given to Plaintiff's treating physician, Dr. Bouknight's letter (ECF No. 7-7 at 28), and his determination that Plaintiff was not severely depressed, are supported by substantial evidence. In addition, since the ALJ found that Plaintiff could perform past relevant work, the ALJ did not have to reach the opinion of the vocational expert and did not rely on this testimony in making his determination, thus Plaintiff's argument is moot as to whether the vocational expert's testimony was improper. For this reason, the court **ACCEPTS** the Report (ECF No. 11) **AFFIRMING** the Commissioner's decision.

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

February 1, 2018
Columbia, South Carolina